IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**WAYNE ROBINSON,**

      **Plaintiff,**

**v.**                                    **Civil Action No. 3:08cv79**
                                                    **(Judge Bailey)**

**R. UHLES, Chaplain,**
**TODD UNDERWOOD, Discipline Hearing Officer,**

      **Defendants.**

## REPORT AND RECOMMENDATION

On May 2, 2008, the *pro se* plaintiff initiated this case by filing a civil rights complaint pursuant to Bivens v. Six Unknown Namged Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The plaintiff was granted permission to proceed as a pauper on May 5, 2008, and paid his initial partial filing fee on May 19, 2008. This case is before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 1915(e) and 1515(A) and LR PL P 83.01, *et seq*.

## I. The Complaint

On November 9, 2007, defendant Uhles issued an incident report against the plaintiff which led to his being charged violation of Offense Code 310, Unexcused absence from work or any assignment. In his report, Chaplain Uhles ("Uhles") indicated that the plaintiff was on callout for chapel, but had not signed in with him. (Doc. 1-2).

On November 20, 2007, the plaintiff appeared before the Discipline Hearing Officer, Todd Underwood ("Underwood"). After considering all the evidence, Underwood found that the plaintiff had committed the prohibited act as charged and sanctioned the plaintiff 21 days of disciplinary

segregation suspended 6 months pending clear conduct, 14 days loss of good conduct time, and three months loss of phone privileges. (Doc. 1-2).

The plaintiff appealed his disciplinary sanctions through the Bureau of Prisons ("BOP") administrative remedy process alleging that a staff member interfered with his ability to attend Jumah services on time. (Doc. 1-3). The plaintiff did not obtain relief from his disciplinary sanctions in those proceedings.

The plaintiff now contends that both Uhles and Underwood erroneously characterized his Jumah Prayer as a work detail or program assignment. The plaintiff argues that the religious ceremony of Jumah Prayer is a right and not a work detail or program assignment. Therefore, the plaintiff maintains that the defendants were in error to enforce an incident report and findings based on a violation of Offence Code 310. The plaintiff alleges that the defendants' error subjected him to 14 days lost good time in violation of his Fifth Amendment rights. Additionally, the plaintiff alleges that the defendants' errors have, in fact, moved his release date back fourteen days, thus depriving him of his liberty. Finally, the plaintiff alleges that the defendants' classification of his absence from a Muslim religious ceremony as an unexcused absence from work or assignment is very disrespectful and an assault on his religious rights under the First Amendment. As relief, the plaintiff seeks compensatory damages of $20,000 for each day of lost good conduct time and an additional $20,000 in punitive damages for each day of lost good conduct time.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. 28 U.S.C. § 1915A. Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits

brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915A(b).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Analysis

This case should be dismissed because plaintiff has no chance of success. In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted). These principles are equally applicable in civil rights cases that challenge the constitutionality of a prison disciplinary proceeding. Edwards v. Balisok, 520 U.S. 641 (1997).

Here, the plaintiff challenges a disciplinary proceeding which resulted in loss of good

---

[1] Id. at 327.

3

conduct time and seeks monetary damages for the same. However, the plaintiff has made no showing that the finding of guilt has been reversed on direct appeal, expunged by executive order, declared invalid by a tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, the plaintiff is not entitled to seek monetary damages against the defendants at this time. To the extent that the plaintiff seeks the invalidation of the guilty finding or expungement of the disciplinary report, the proper avenue for which the plaintiff may seek relief is through a petition for writ of habeas corpus under 28 U.S.C. § 2241.

## IV. Recommendation

In consideration of the foregoing, it is recommended that the plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for the failure to state a claim upon which relief may be granted. It is further recommended that the plaintiff's Motion for Defendants to be Served (Doc. 9) and for Preliminary Injunction (Doc. 10) be **DENIED AS MOOT**.

Within ten (10) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the

*pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

    IT IS SO ORDERED.

    DATED: September 19, 2008

                                              /s/James E. Seibert  
                                              JAMES E. SEIBERT  
                                              UNITED STATES MAGISTRATE JUDGE